AYRES, Judge
(dissenting) :
The questions involved in the issue of liability are factual in character. There is evidence in the record that supports the findings of fault and of liability on the part of defendant Martin in not providing, under the facts and circumstances of this case, a safe entrance or passageway for his customers through the side door to his store.
The defendant had erected an asphalt mound across the passageway or entrance to the side door of the store, the crest of which, located 5 ft. 3 in. from the door, declined 3 in. within a distance of 2 ft.
The entrance was, moreover, insufficiently lighted. The light from a bulb suspended on a drop cord located inside about 6 ft. but slightly to the side of the door was the principal source of light at the entrance. This light, at the most, cast only a shadow on the outside asphalt passageway to the door inasmuch as the lower half of the door was wood.
Although Mrs. Miles had entered the store through the side entrance on many occasions, it is neither contended nor shown that she had used this entrance under circumstances similar to those prevailing at the time of the accident. The weather on that occasion was very inclement; it was raining, the asphalt was wet, and it was dark. Mrs. Miles fell when her feet slipped as she stepped on the asphalt decline as she was attempting to enter the store. It is not contended there was no cause or reason for her fall. Obviously, the asphalt surface was slippery.
From my review of the record, I am unable to find any manifest error in the findings of the trial court warranting a reversal of the judgment. I, therefore, respectfully dissent.